1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  | LINNIE STAGGS, as Administrator of          No.  2:11-cv-00414-MCE-KJN
    | the ESTATE OF ROBERT E.
12  | STAGGS, Deceased, and MELISSA
    | STAGGS,
13  |                                              **MEMORANDUM AND ORDER**
    |                   Plaintiffs,
14  |
    |         v.
15  |
    | DOCTOR'S HOSPITAL OF
16  | MANTECA, INC., et al.,
17  |
    |                   Defendants.

18

19         Through this action, Plaintiffs Linnie Staggs, as administrator of the Estate of

20  Robert E. Staggs, and Melissa Staggs (collectively, "Plaintiffs") seek redress from

21  defendant Doctor's Hospital of Manteca, Inc. ("DHM"), and a number of individual

22  defendants regarding the medical treatment and subsequent death of Robert E. Staggs

23  ("Decedent") while in custody at the Sierra Conservation Center ("SCC").  Presently

24  before the Court are Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 102) and

25  Motions to Dismiss Plaintiffs' Amended Third Amended Complaint ("ATAC") by

26  Defendants Sattah, DHM and Benak.[1]

27         _____

28         [1] The Court ordered Plaintiffs to file an Amended Third Amended Complaint to clarify the intent
    and effect of certain allegations in Plaintiffs' Third Amended Complaint pursuant to the stipulated
    understanding of all parties.  ECF No. 77.

                                            1

1    For the reasons set forth below, the Court GRANTS Plaintiffs' Motion for Leave to

2    Amend ("Motion").  As a result, the Motions to Dismiss are DENIED as moot.[2]

3

4                                    **BACKGROUND**

5

6        In their ATAC, Plaintiffs allege causes of action for violations of the Eighth and

7    Fourteenth Amendments of the U.S. Constitution, violation of California Government

8    Code section 845.6, negligence, violation of California Civil Code section 2.1, and

9    wrongful death.  Specifically, Plaintiffs contend that various medical officials at SCC and

10   DHM were deliberately indifferent and negligent in diagnosing and treating Decedent's

11   multiple liver diseases.  They aver that Defendants' decision to subject Decedent to a

12   risky biopsy procedure resulted in excruciating pain and suffering and, ultimately,

13   Decedent's untimely death.

14       The Court previously dismissed Plaintiffs' First and Fifth Claims for Relief for

15   violation of the Eighth and Fourteenth Amendments for failure to state a claim.  In doing

16   so, the Court declined to exercise supplemental jurisdiction over the remaining state-law

17   claims.  ECF No. 88.  On appeal, a Ninth Circuit panel reversed the dismissal of

18   Plaintiffs' First Claim for Relief, finding that it properly stated a claim that Defendants St.

19   Clair, Bangi, Krpan and Benak were deliberately indifferent to Decedent's right to

20   adequate and necessary healthcare.  ECF No. 94.

21       Shortly after the Court re-opened this action, Defendants filed their instant

22   Motions to Dismiss and Plaintiffs filed their current Motion to Amend, all of which were

23   timely opposed.  Plaintiffs' proposed Fourth Amended Complaint seeks to include new

24   claims under § 1983 on behalf of Plaintiffs, in their individual capacities, for deprivations

25   of Plaintiffs' Fourteenth Amendment due process rights to familial association with

26   Decedent, as well as the loss of companionship they suffered as a result of Decedent's

27   _____

28       [2] Because oral argument would not be of material assistance, the Court ordered this matter
     submitted on the briefs.  E.D. Cal. Local R. 230(g).

1  death.  Furthermore, Plaintiffs seek to add § 1983 claims against Defendants Sattah and

2  DHM for their deliberate indifference to Decedent's serious medical needs.  The

3  Proposed Fourth Amended Complaint also omits one sentence from the previous

4  complaint regarding general rates of survival for individuals afflicted with one of

5  Decedent's medical conditions.

6

7  **STANDARD**

8

9  Generally, a motion for leave to amend a pleading is subject to Rule 15(a), which

10  provides that "[t]he court should freely give leave [to amend] when justice so requires."

11  Fed. R. Civ. P. 15(a)(2). Courts interpret Rule 15(a) with "extreme liberality."  Eminence

12  Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  The Ninth Circuit

13  applies this liberal policy of amendment of pleadings so long as the case management

14  scheduling order setting the deadline for amendment of pleadings has not passed.

15  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  If the movant

16  articulates a reason why amendment is needed, the "burden then shifts to the opposing

17  party to persuade the court that 'justice' requires denial."  Stoddart v. Express Services,

18  Inc., No. 2:12–cv–01054, 2015 WL 1812833 at *2 (E.D. Cal. April 20, 2015).

19  In exercising its discretion to permit or deny a party to amend its pleading, Ninth

20  Circuit courts consider five factors: (1) whether the amendment was filed with undue

21  delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory

22  tactic; (3) whether the movant was allowed to make previous amendments which failed

23  to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice

24  the opposing party; and (5) whether the amendment would be futile.  Foman v. Davis,

25  371 U.S. 178, 182 (1962).  Whether amendment will unduly prejudice the opposing party

26  is the most important factor in a court's analysis under Rule 15(a).  Eminence Capital,

27  316 F.3d at 1052.

28  ///

1
2

**ANALYSIS**

3      Plaintiffs argue that they need to amend their complaint to include additional

4   claims under § 1983 and add a new claim for loss of companionship.  They also seek to

5   omit a paragraph from the ATAC concerning the general survival rate of patients with

6   one of Decedent's medical conditions.  Since Plaintiffs have articulated a reason why

7   amendment is needed, Defendants must persuade the Court that justice requires denial

8   of Plaintiffs' Motion.  Stoddart v. Express Services, Inc., 2015 WL 1812833 at *2.  To that

9   end, Defendants principally argue that the Foman factors of prejudice, futility and undue

10   delay militate in favor of denying Plaintiffs' Motion.  Setting the Foman factors aside,

11   Defendants also contend that Plaintiffs should not be permitted to amend the ATAC to

12   remove allegations about the survival rate of patients with one of Decedent's medical

13   conditions.  As explained below, Defendants' arguments are unpersuasive.

14      **A.     The Foman Analysis**

15      DHM and Dr. Sattah argue that they would be prejudiced by the proposed

16   amendments because of stipulations that the § 1983 claims alleged in previous

17   complaints did not apply to them and because the events that engendered those claims

18   occurred nearly six years ago.  Defendants' arguments are not well-taken.

19      Ninth Circuit courts have found undue prejudice where the "parties have engaged

20   in voluminous and protracted discovery prior to amendment" and where filing an

21   amended complaint would have led to "the nullification of prior discovery, increase the

22   burden of necessary future discovery," or required the relitigation of a previous suit.

23   Utterkar v. Ebix, 14-CV-02250, 2015 WL 5027986 at *6 (N.D. Cal. Aug. 25, 2015).

24   Defendants do not and cannot point to any of these potentially deleterious effects in

25   opposing the instant Motion.  The parties have not yet engaged in any discovery.

26   Furthermore, Plaintiffs' proposed § 1983 claims depend upon essentially the same

27   alleged conduct as the negligence claims previously asserted against Dr. Sattah and

28   DHM.  There is thus no risk that amendment would substantially increase the burden of

4

1    necessary future discovery or that Defendants will be prejudiced in their ability to defend

2    against these allegations.  See id.

3         Finally as to undue prejudice, although it is true that Plaintiffs' repeatedly

4    stipulated that § 1983 claims alleged in previous complaints did not apply to DHM and

5    Dr. Sattah, those stipulations were limited to the previous complaints to which they

6    related.  See, e.g., ECF No. 79.  More importantly, Defendants have failed to meet their

7    burden of showing that their reliance on those stipulations would now prejudice them

8    with respect to Plaintiffs' proposed Fourth Amended Complaint.

9         Accordingly, the Court finds that Defendants have failed to establish that granting

10   Plaintiffs' Motion will result in undue prejudice.  Defendants must therefore make a

11   strong showing that one of the remaining Foman factors favors denial of Plaintiffs'

12   Motion in order to defeat the presumption in favor of granting the Motion.  Eminence

13   Capital, 316 F.3d at 1052.  They have not.

14        Defendant Benak's Opposition to Plaintiffs' Motion on the grounds of futility is

15   moot.  Benak argues that Plaintiffs' proposed Second Cause of Action is futile because

16   Plaintiffs cannot maintain a claim for failure to summon medical care against a health

17   care provider under California Government Code section 845.6.  ECF No. 109.

18   Plaintiffs, however, have expressly waived their claim under Government Code section

19   845.6 with respect to Benak.  ECF No. 110, at 3.  Accordingly, Benak has failed to

20   establish that Plaintiffs' proposed amendments are futile.[3]

21        Defendants also assert that Plaintiffs unduly delayed bringing § 1983 claims

22   against Dr. Sattah and DHM.  However, the Ninth Circuit has repeatedly held that

23   denying leave to amend solely on the grounds of undue delay is an abuse of discretion.

24   Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999); United States v. Webb, 655 F.2d

25   977, 980 (9th Cir. 1981).  Accordingly, Defendants cannot meet their burden of

26   persuading the court that justice requires denial based solely on an argument of undue

27   _____

28        [3] In accordance with their waiver, the Court directs Plaintiffs to ensure that their Fourth Amended Complaint removes any reference to Defendant Benak in their Second Cause of Action.

5

1    delay.  Stoddart v. Express Services, Inc., No. 2:12–cv–01054, 2015 WL 1812833 at *2

2    (E.D. Cal. April 20, 2015).  Plaintiffs' Motion to Amend thus survives the Foman analysis.

3              **B.    Survival Rate Allegations**

4              Defendants DHM and Sattah alternatively assert that if Plaintiffs are permitted to

5    amend their complaint, the Court should forbid them from deleting the allegations about

6    survival rates contained in Paragraph 39 of the ATAC.  Defendant Sattah argues that the

7    Court should strike any changes to Paragraph 39 as a sham, while DHM suggests that

8    United States v. McKeon, 738 F.2d 26, 31 (2d Cir. 1984) forbids a party from altering

9    factual allegations made in previous pleadings.

10             Both of Defendants' arguments are baseless.  Defendant Sattah provides no

11   evidence that removing the allegations contained in Paragraph 39 would make a sham

12   out of Plaintiffs' proposed Fourth Amended Complaint.  Indeed, Plaintiffs' decision to

13   delete allegations about the survival rates of patients with hepatocellular carcinoma does

14   not create a contradiction that supports a finding of any kind of fraud.  See Stearns v.

15   Select Comfort Retail Corp., 763 F.Supp.2d 1128, 1144-45.

16             Furthermore, McKeon does not forbid a plaintiff from changing or deleting

17   previously pled factual allegations in an amended complaint.  Instead, McKeon

18   explained that previous pleadings constitute "the admissions of a party-opponent and

19   are admissible" to show that a plaintiff changed her stories.  738 F.2d 26, 31.  Here,

20   Defendants may exploit at trial Plaintiffs' decision to remove the survival rate allegations.

21   Defendants cannot seriously contend, however, that Plaintiffs are forbidden from

22   removing such allegations from an amended complaint.  Because Defendants have

23   failed to meet their burden of showing that justice requires denying Plaintiffs leave to

24   amend, the Court GRANTS Plaintiffs' Motion.

25   ///

26   ///

27   ///

28   ///

1

**CONCLUSION**

2

3       For the reasons set forth above, Plaintiffs' Motion (ECF No. 102) is GRANTED.

4   Plaintiffs are directed to file their Fourth Amended Complaint no later than twenty (20)

5   days from the date this order is electronically filed.  Defendants' pending Motions to

6   Dismiss (ECF Nos. 98, 99, 103) are accordingly DENIED as moot.  If Defendants choose

7   to challenge Plaintiffs' Fourth Amended Complaint under Rule 12, the Court expects that

8   Defendants will file a single, coordinated challenge on behalf of all parties.

9       IT IS SO ORDERED.

10  Dated:  November 9, 2015

11

12                                    _____
                                      MORRISON C. ENGLAND, JR., CHIEF JUDGE
13                                    UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28