UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNIE STAGGS, as Administrator of the ESTATE OF ROBERT E. STAGGS, Deceased, and MELISSA STAGGS,<br><br>        Plaintiffs,<br><br>    v.<br><br>DOCTOR'S HOSPITAL OF MANTECA, INC., et al.,<br><br>        Defendants. | No.  2:11-CV-414-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Linnie Staggs, as administrator of the Estate of Robert E. Staggs, and Melissa Staggs (collectively "Plaintiffs") bring claims against Doctor's Hospital of Manteca, Inc. ("DHM") and individual defendants (collectively "Defendants") seeking redress for the medical treatment and subsequent death of Robert E. Staggs ("Decedent") while in custody at the Sierra Conservation Center ("SCC").  The individual defendants include, among others, Mario Sattah, M.D. ("Sattah"), Lincoln Russin, M.D. ("Russin"), and James Owen, M.D. ("Owen").  Plaintiffs allege that defendants DHM and Sattah violated Decedent's Eighth Amendment rights by exhibiting deliberate indifference to Decedent's medical condition.  Plaintiffs allege that defendants Russin and Owen negligently provided medical care to Decedent.

Presently before the Court is Defendants' Motion to Dismiss under Rule[1] 12(b)(6). ECF No. 124.[2] For the following reasons Defendants' Motion is DENIED.[3] Also before the Court are Plaintiffs' Motions to Strike Defendants' various affirmative defenses. ECF Nos. 126 and 130. Those Motions are GRANTED in part and DENIED in part.

## BACKGROUND[4]

Decedent had the Hepatitis C virus and a history of liver problems, including cirrhosis. In 2009, while incarcerated at SCC, he began experiencing symptoms associated with liver failure. Prison medical staff treated Decedent's symptoms with routine painkillers and performed a series of tests. Plaintiffs allege that the tests showed signs of acute Hepatitis C liver disease, cirrhosis, and hepatocellular carcinoma ("HCC"). Decedent also underwent two MRIs which reportedly showed a lesion on his liver. Prison medical staff continued to treat Decedent's symptoms with routine painkillers.

On December 26, 2009, Decedent went "man-down" at SCC, an act which elicited immediate attention from custodial and medical personnel at the prison. Further testing revealed a 5 cm lesion on Decedent's liver and other smaller lesions throughout the liver. Although these results indicated the presence of HCC, medical personnel allegedly focused on other cancer-types as the cause of Decedent's health problems. During approximately the same period in December 2009, prison medical personnel decided that Decedent should undergo a "three-pass core" liver biopsy in January 2010. Plaintiffs allege that this decision was erroneous and unnecessary because (1) where cirrhosis is present, conducting a biopsy when lesions are suspected to be HCC creates

---

[1] Unless otherwise noted, all references to "Rule" or "the Rules" refer to the Federal Rules of Civil Procedure.

[2] The Court required that Defendants renotice their initial Motion (ECF No. 121).

[3] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[4] The following facts are taken from Plaintiffs' Fourth Amended Complaint. ECF No. 117.

a substantial risk that the tumor will spread along the needle track; and (2) a liver biopsy, while safe in a normal liver, is much more likely to cause bleeding in a cirrhotic liver. Two hospitals allegedly refused to perform the procedure because of associated risks to Decedent.  Plaintiffs allege that other procedures, including a "fine needle aspirate" of the lesion and further testing, should have been conducted instead of the three-pass core biopsy.

On January 22, 2010, Defendant Sattah performed the three-pass core biopsy at Defendant DHM's facility.  Although the universal protocol for the biopsy requires three to four hours of supine rest after the procedure, Defendants allegedly failed to ensure that Decedent received proper rest.  Plaintiffs allege that less than an hour after the biopsy Decedent was ordered to leave the hospital and transferred back to SCC.  In the following days, Decedent's condition grew significantly worse: his abdomen swelled; he could no longer urinate, began vomiting, could not sleep, and was in severe pain. Decedent's attempts to alert SCC personnel of his condition allegedly failed.

On January 24, 2010, Decedent again went "man-down."  On January 25, 2010, Decedent was taken to San Joaquin Medical Center for emergency treatment.  On January 26, 2015, the liver biopsy confirmed the HCC diagnosis.  On February 4, 2010, Decedent was transferred to a hospice facility where he died on February 12, 2010.  The cause of death was blood loss into his peritoneum, allegedly as a result of the three-pass core liver biopsy.

## STANDARD

**A.  Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

///

///

**B. Motion to Strike**

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [ ] claim, even if all the allegations in the complaint are true." Black's Law Dictionary (10th ed. 2014).  A court may strike an insufficiently pled affirmative defense under Federal Rule of Civil Procedure 12(f).

District courts in this circuit were previously split on whether the heightened pleading standard that the United States Supreme Court announced in Twombly and Iqbal applied to affirmative defenses.  Some courts, including this Court, concluded that affirmative defenses were subject to the heightened pleading standard.  See, e.g., Wine Group LLC, v. L. and R. Wine Co., No. 2:10-cv-022040-MCE-KJN, 2011 WL 130236, at *2 (E.D. Cal. Jan. 4, 2011); Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595 (E.D. Cal. 2013).  Other courts, however, declined to apply the heightened pleading standard to affirmative defenses, citing Wyshak v. City National Bank, 607 F.2d 824, 826 (9th Cir. 1979), for the proposition that the pleadings need only provide the plaintiff "fair notice" of the defense.  See, e.g., Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013).

The Ninth Circuit, however, has resolved the split in the district courts.  In Kohler v. Flava Enterprises, Inc., the Ninth Circuit explained that "the 'fair notice' required by the pleading standards only require[s] describing [an affirmative] defense in 'general terms.'" 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)).[5]  Accordingly, this Court applies the "fair notice" standard, and not the heightened pleading standard announced in Twombly and Iqbal, when evaluating motions to strike affirmative defenses.

///

///

---

[5] The specific sentence that the Ninth Circuit quoted in Kohler provides:  "As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." Wright & Miller, § 1274 (footnotes omitted).

## ANALYSIS

### A. Motion to Dismiss

Plaintiffs' claims for relief against Defendants DHM and Sattah arise under 42 U.S.C. § 1983.  Plaintiffs allege that Defendants acted with deliberate indifference towards Decedent in violation of the Eighth Amendment.

Although medical malpractice does not become a constitutional violation merely because the victim is a prisoner, deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To prevail here, Plaintiffs must allege that the course of treatment Defendants pursued was medically unacceptable under the circumstances, and that Defendants pursued this course in conscious disregard of an excessive risk to Decedent's health.  See Jackson v. McIntosh, 90 F.2d 330, 332 (9th Cir. 1996).  Plaintiffs must allege more than merely "a difference of medical opinion" as to the proper course of treatment.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiffs allege that Defendants performed the three-pass core liver biopsy on Decedent after two hospitals refused to perform the procedure under any circumstances because of an elevated risk of internal bleeding.  This repeated refusal, construed in the light most favorable to Plaintiffs, plausibly suggests that Defendants' performance of the biopsy was "medically unacceptable under the circumstances."  Jackson, 90 F.2d at 332.  This fact sufficiently alleges more than a difference of medical opinion.  See Sanchez, 891 F.2d at 242.

The allegation that two hospitals refused to perform the procedure also adequately supports Plaintiffs' claim that Defendants consciously disregarded a substantial risk of serious harm to Decedent.  See Toguchi v. Chung, 391 F.2d 1051, 1059 (9th Cir. 2004).  Defendants argue that they had no knowledge of the two hospitals' prior refusal or of the Decedent's subsequent complications.  This argument, however, is a factual one, and at this early stage of the litigation, all favorable inferences should be

resolved in Plaintiffs' favor.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  This includes the inference that if a defendant's response to a known risk is obviously inadequate, then the defendant may have recognized the inappropriateness of his conduct.  Thompson v. King, 730 F.3d 743, 747 (8th Cir. 2013) (observing that on summary judgment circumstantial evidence can be used to establish a subjective mental state in a deliberate indifference claim).  Plaintiffs have alleged that Decedent's liver problems were known and the three-pass core liver biopsy was an obviously inadequate response.  These allegations support an inference that Defendants consciously disregarded substantial risks to the Decedent; Plaintiffs therefore allege sufficient facts to state a claim for deliberate indifference.  The Motion to Dismiss is accordingly DENIED.

Defendants also seek to dismiss Plaintiffs' prayer for damages for pain, suffering, emotional distress, and punitive damages against Defendants.  Defendants argue that Cal. Civ. Proc. §§ 377.34 and 425.13 limit damages payable to Decedent's estate and place procedural requirements on claims against health care providers.  However, Plaintiffs only bring federal constitutional claims against these Defendants, not state law negligence claims.  See Chaudhry v. City of L.A., 751 F.3d 1096, 1105 (9th Cir. 2014) (finding that § 377.34 does not apply to § 1983 claims); Estate of Prasad ex rel. Prasad v. Cty. of Sutter, 958 F. Supp. 2d 1101, 1121 (E.D. Cal. 2013) (observing that procedural requirement of § 425.13 is inapplicable in federal court).  Defendants' request to dismiss Plaintiffs' prayer for damagers is therefore DENIED.

### B. Motion to Strike

Plaintiffs move to strike various affirmative defenses under Rule 12(f).  Motions to strike are disfavored in part because of the limited importance of pleading in federal practice.  Spring v. Fair Isaac Corp., 2015 WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015).  In the Ninth Circuit, the "fair notice" required by the pleading standard requires only describing an affirmative defense in general terms.  Castellano v. Access Premier Realty7, Inc., 2015 WL 7423821, at *2 (E.D. Cal. Nov. 20, 2015).

///

With two exceptions, Defendants' affirmative defenses satisfy the minimal requirement of fair notice. Defendants Russin's and Owen's First Affirmative Defense, "Failure to State Cause of Action," attacks Plaintiffs' prima facie case and need not be pleaded as an affirmative defense. See Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (demonstration that plaintiff has not met burden of proof is not affirmative defense). Russin's and Owen's Nineteenth Affirmative Defense, "Other Defenses," does not provide fair notice of the asserted defense. Plaintiffs' Motions to Strike are therefore GRANTED as to Russin and Owen's First and Nineteenth Affirmative Defenses, but otherwise DENIED.

**CONCLUSION**

Defendants' Motion to Dismiss (ECF Nos. 121 and 124) is DENIED.

Plaintiffs' Motions to Strike are GRANTED in part and DENIED in part, as follows:

1. Plaintiffs' Motion to Strike (ECF No. 126) is GRANTED as to Defendants Russin and Owen's First and Nineteenth Affirmative Defenses. The Motion is DENIED as to all other affirmative defenses.
2. Plaintiffs' Motion to Strike (ECF No. 130) is DENIED in its entirety.

IT IS SO ORDERED.

Dated: March 7, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT