UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNIE STAGGS, as Administrator of the ESTATE OF ROBERT E. STAGGS, Deceased, and MELISSA STAGGS,<br><br>Plaintiffs,<br><br>v.<br><br>DOCTOR'S HOSPITAL OF MANTECA, et al.,<br><br>Defendants. | No. 2:11-cv-00414-MCE-KJN<br><br>**ORDER** |

      Plaintiff Linnie Staggs, as administrator of the Estate of Robert E. Staggs, and Melissa Staggs (collectively "Plaintiffs") bring claims against Doctor's Hospital of Manteca, Inc. ("DHM") and individual defendants (collectively "Defendants") seeking redress for the medical treatment and subsequent death of Robert E. Staggs ("Decedent") while in custody at the Sierra Conservation Center ("SCC"). The individual defendants include, among others, Mario Sattah, M.D. ("Sattah"), Lincoln Russin, M.D. ("Russin"), and James Owen, M.D. ("Owen"). Plaintiffs allege that defendants DHM and Sattah violated Decedent's Eighth Amendment rights by exhibiting deliberate indifference to Decedent's medical condition. Plaintiffs further claim that defendants

Russin and Owen negligently provided medical care to Decedent.

Presently before the Court are Plaintiffs' Motions to Strike the Affirmative Defenses of Defendants Sattah and DHM under Federal Rule of Civil Procedure 12(f).[1] ECF Nos. 152, 153.  As with Plaintiffs' previous two Motions to Strike, these Motions are GRANTED in part and DENIED in part.[2]

## DISCUSSION

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [ ] claim, even if all the allegations in the complaint are true."  Black's Law Dictionary (10th ed. 2014).  A court may strike an insufficiently pled affirmative defense under Rule 12(f).

District courts in this circuit were previously split on whether the heightened pleading standard that the United States Supreme Court announced in Twombly and Iqbal applied to affirmative defenses.  Some courts, including this Court, concluded that affirmative defenses were subject to the heightened pleading standard.  See, e.g., Wine Group LLC, v. L. and R. Wine Co., No. 2:10-cv-02204-MCE-KJN, 2011 WL 130236, at *2 (E.D. Cal. Jan. 4, 2011); Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595 (E.D. Cal. 2013).  Other courts, however, declined to apply the heightened pleading standard to affirmative defenses, citing Wyshak v. City National Bank, 607 F.2d 824, 826 (9th Cir. 1979), for the proposition that the pleadings need only provide the plaintiff "fair notice" of the defense.  See, e.g., Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013).

The Ninth Circuit, however, has resolved the split in the district courts.  In Kohler v. Flava Enterprises, Inc., the Ninth Circuit explained that "the 'fair notice' required by the pleading standards only require[s] describing [an affirmative] defense in 'general terms.'"

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Plaintiffs' Motions were submitted on the briefs in accordance with Local Rule 230(g).  ECF No. 158.

779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)).[3]  Accordingly, this Court applies the "fair notice" standard, and not the heightened pleading standard identified by Twombly and Iqbal, when evaluating motions to strike affirmative defenses.

      As indicated above, Plaintiffs here move to strike various affirmative defenses under Rule 12(f).  Motions to strike are disfavored in part because of the limited importance of pleading in federal practice.  Spring v. Fair Isaac Corp., 2015 WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015).  That limited importance—and the difficulty of overcoming the fair notice standard—is just as present with respect to Sattah and DHM's affirmative defenses as it was with Plaintiffs' previous motions to strike.  With three exceptions, Sattah and DHM assert valid affirmative defenses that provide fair notice to Plaintiffs.  Sattah's "Color of Law" defense and DHM's failure to state a claim defense, however, simply attack Plaintiff's prima facie case and therefore do not qualify as affirmative defenses.  ECF No. 146 at 8 (citing Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).  Similarly, DHM's "collateral source" source defense merely raises issues regarding the calculation of damages and a possible double recovery.  It does not qualify as an affirmative defense.  See Joe Hand Promotions, Inc. v. Estradda, No. 1:10-cv-2165-OWW-SKO, 2011 WL 2413257 at *3 (E.D. Cal. June 8, 2011) ("Defendant is free to raise this as a defense during the litigation, but it is not accurately characterized as an affirmative defense.").  Accordingly, DHM's First and Sixth Affirmative Defenses are hereby STRICKEN, as is Sattah's Twelfth Affirmative Defense.

      Having granted Plaintiffs' Motions as to these affirmative defenses, the Court must pause to consider what Plaintiffs have gained by their apparent victory.  Obviously, the Court's decision to strike these defenses will not prevent Defendants from contesting Plaintiffs' prima facie case and damages calculations all the way through trial.  Nor will

---

[3] The specific sentence that the Ninth Circuit quoted in Kohler provides: "As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." Wright & Miller, § 1274 (footnotes omitted).

the loss of these paragraphs from Defendants' answers reduce Plaintiffs' discovery obligations in any way.

Finally, the fair notice standard for pleading affirmative defenses and the disfavor with which courts view these motions limits the likelihood of a successful motion to strike affirmative defenses. The Court anticipates that counsel will carefully consider the strategic value of motions to strike affirmative defenses in the future.

## CONCLUSION

Plaintiffs' Motions to Strike (ECF Nos. 152 and 153) are GRANTED in part and DENIED in part. Defendant Sattah's Twelfth Affirmative Defense and Defendant DHM's First and Sixth Affirmative Defenses are hereby STRICKEN.

IT IS SO ORDERED.

Dated: May 26, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE