UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNIE STAGGS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOCTOR'S HOSPITAL OF MANTECA, et al.,<br><br>Defendants. | No. 2:11–cv–414–MCE–KJN<br><br>ORDER GRANTING LATE EXPERT<br><br>(ECF No. 278) |

This case concerns the alleged medical indifference by Defendants as against a patient, now deceased ("Decedent'). (See ECF No. 117.) As the parties were preparing for trial, Plaintiffs moved to allow a late designation of an expert witness. (See ECF Nos. 249, 259, 260, and 258.) Thereafter, the District Judge vacated the February 20, 2020 Jury Trial on his own motion and denied the motion as moot. (See ECF No. 277.) Plaintiffs then refiled their motion before the undersigned, arguing that because the trial has now been postponed until (at a minimum) the latter half of 2020, the designation of the late expert is harmless. (ECF No. 278.) Defendants opposed, arguing Plaintiffs' excessive delay in moving for this late designation—which has come almost two years after the District Court's Summary Judgment Order—demonstrates bad faith and willfulness, and should be denied. (ECF No. 280.)

For the reasons that follow, Plaintiffs' motion is GRANTED pursuant to the conditions listed in this order.

**Background**

Plaintiffs, the mother and daughter of Decedent, bring their complaint on behalf of Decedent against the Doctor's Hospital of Manteca, doctors associated with the hospital, and related entities. (ECF No. 117.) They allege Decedent died in early 2010 as a result of a "highly invasive and risky biopsy procedure." (Id. at 2.) Because Decedent was incarcerated at the time, Plaintiffs claim Eighth Amendment medical indifference under 42 U.S.C. § 1983, as well as supplemental claims under California law. (Id.) One such supplemental claims is for "Wrongful Death," California Civil Code § 377.60, under which Plaintiffs pray for loss–of–companionship damages. (ECF No. 117 at ¶¶ 107, 109, 111.)

This matter was originally set for trial February 10, 2020, before District Judge England. In November 2019, Plaintiffs filed a motion to disclose the expert out of time. (ECF No. 258.) However, the trial date was subsequently vacated, Plaintiffs' motion was denied as moot, and a status conference for trial setting was set for July 9, 2020. (ECF No. 277.) Plaintiffs now raise the same motion before the undersigned. (ECF No. 278.)

**Parties' Arguments**

Plaintiffs assert they need an expert to opine that Decedent would have been granted compassionate release from prison, therefore entitling them to damages premised on additional time spent with him. Plaintiffs further assert that this claim for damages is subsumed in their loss of companionship claim, which is included in their Complaint. (ECF Nos. 280 at pp. 5-6, 117 at p. 23.) They claim no prejudice and substantial justification per Rule 37(c).

Defendants assert this motion is the first they have heard of Plaintiffs using compassionate release as a theory for damages. Defendants take issue with Plaintiffs responding to an interrogatory asking about damages with "will supplement," and having provided no additional information. Defendants additionally argue that Plaintiffs have not provided a sufficient factual basis for the expert to base his opinion that decedent would have make the statutory perquisites for compassionate release. Therefore, according to Defendants, fact discovery would have to be reopened. (ECF No. 279.) Plaintiffs respond that they do not need any additional discovery. (ECF No. 280.)

**Analysis**

Federal Rule of Civil Procedure 26 requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports. Federal Rule of Civil Procedure 37(c) gives teeth to Rule 26's disclosure requirement by excluding untimely expert testimony from evidence "unless the parties' failure to disclose the required information is <u>substantially justified or harmless</u>." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (emphasis added)).[1] Here, Plaintiffs initially argued substantial justification for the delay because they were attempting to "conclusively establish liability" before they incurred expenses related to damages.[2] (ECF No. 278 at 3.) However, Plaintiffs conceded at the hearing that their failure to raise the expert issue at an earlier time was not substantially justified. Thus, the Court proceeds to test harmlessness.

In determining whether a late disclosure was harmless, courts may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." See Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction. Yeti, 259 F.3d at 1107. Correspondingly, as the Ninth Circuit has reminded, when a sanction amounts to dismissal of a claim, the court is required to consider "whether the claimed noncompliance involved willfulness, fault, or bad faith," as well as "the

---

[1] Rule 37(c) states in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

[2] This argument is unavailing, as no dates are provided in Plaintiffs' brief regarding when they established liability. (See, generally, ECF No. 278 at pp. 3-4.) Additionally, this case was initially filed in 2011, and expert disclosures were due May 2017, straining the argument further.

availability of lesser sanctions." R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012) ("We now reaffirm the existence of [the above] requirement when a [] court conducts the harmlessness inquiry required under Rule 37(c)(1).").

Here, Plaintiffs wish to add—and Defendants wish to exclude—the expert testimony of Warden Vasquez regarding his opinion on the likelihood that Decedent would have been granted compassionate release.[3] Plaintiffs argue this directly corresponds to the consortium damages under the wrongful death claim. While it does not appear that an exclusion of this witness would effectively close off this set of damages (as Plaintiffs could still claim they were deprived of love and companionship even if Decedent's sentence had not been recalled), out of an abundance of caution, the Court analyzes the "other sanctions" issue as well as the Lanard factors.

First, it is undeniable that Defendants are prejudiced by Plaintiffs' late disclosure of this expert witness. Counsel for all of the parties have been with this case since 2011. After Plaintiffs' claims were initially dismissed, then reversed on appeal, the District Court issued a scheduling order on March 4, 2016. (ECF No. 145.) Per this order, fact discovery closed on March 1, 2017, expert disclosures were due by May 1, 2017, and the dispositive motion deadline was September 7, 2017. (See Id.) As Defendants correctly aver, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Reysner v. Navient Sols., Inc., 2018 WL 2229254, at *3 (E.D. Cal. May 15, 2018) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.")). Further, it is clear from the record that Defendants were likely unaware of Plaintiffs' intent to argue compassionate release until well after the close of discovery, well after the expert disclosure deadline, and well after the summary judgment phase had concluded. The Court has reviewed the docket, and the first time Plaintiffs mentioned this potential theory was in February 2019. (See

---

[3] The statute, as it existed in January 2010, allows for a court to recall a prisoner's sentence if the court finds the prisoner is terminally ill with no more than six months to live, the prisoner would not pose a threat to public safety, and that he would require 24–hour total care. Cal. Penal Code § 1170 (2009).

4

ECF No. 231 at p. 5.) Plaintiffs then waited until November 2019 to submit their moving papers for this expert's admission—and only after the parties had submitted their trial briefs in anticipation of the February 2020 trial. Tellingly, Plaintiffs never mentioned the issue of needing an additional expert in their April 2018 joint statement of trial readiness. (See ECF No. 207.) This factor weighs in favor of Defendants.

Counterbalancing this first factor, the Court finds the second and third factors weigh in Plaintiffs' favor. While Defendants may wish to depose Plaintiffs' proposed expert, submit a Daubert motion to exclude his testimony, or otherwise move for partial summary judgment on this damages claim, there are no impending trial deadlines that require extraordinary efforts to see the issue through. As discussed at the hearing on January 30, there is no likelihood of disruption to the trial, as the District Judge has vacated all trial dates and instead set a status conference for the beginning of July. (ECF No. 277.) Further, given that the issue concerns a subset of a subset of a damages claim, there is little risk that this (admittedly inconvenient) molehill will morph into a mountain. Cf. e.g., Leland v. County of Yavapai, 2019 WL 1546998, *4 (D. Az. March 18, 2019) (finding that reopening discovery to allow for an expert disclosure would be prejudicial to the opposing side where trial was less than a month away).

As to the final Lanard factor, it is a close call whether Plaintiffs' conduct amounts to bad faith or willfulness. On one hand, Plaintiffs have known since 2011 they would be seeking damages for loss of companionship (see ECF No. 1 at ¶ 95), and the compassionate release procedures have been in effect since before Decedent's death in 2010. Further, Plaintiffs have known that liability was going to be a triable issue since March of 2018, when the District Court denied Defendants' motion for summary judgment. (See ECF No. 203.) Plaintiffs asserted at the hearing that they were delayed further because of their motion for reconsideration. (ECF No. 203.) However, the outcome of this motion would not have affected Plaintiffs' ability to seek companionship damages. (See ECF No. 204.) Thus, the delay of almost a year before informing Defendants of the issue, and close to two years before actually filing the motion, *at best* appears to be gross mismanagement of Plaintiffs' case. On the other hand, this characterization does not equate to a finding that Plaintiffs were willfully or in bad faith hiding their theory or desire to

5

retain an expert.  Instead, the representations made by lead counsel for Plaintiffs indicate a series of poor and negligent choices in prosecuting this segment of Plaintiffs' case.

Further, even if the last factor did weigh in Defendants' favor, the Court is extremely mindful of the Ninth Circuit's pronouncements on the exclusion of evidence.  See Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997) (factors to analyze the propriety of an exclusionary sanction include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; (5) the availability of less drastic sanctions); see also Fed. R. Civ. P. 37(c)(1)(A) ("In addition to or instead of" exclusion sanctions, the Court may impose "other sanctions, including payment of reasonable expenses (including attorneys' fees)"). Here, there is an interest in resolving—on the merits—this subset of Plaintiffs' damages claim, and as described above, there is no pending trial date.  Thus, there is time to work up this issue prior to trial, and lesser sanctions can address Plaintiffs' mismanagement and unreasonable delay.

Accordingly, the Court GRANTS Plaintiffs' motion for late disclosure.  Lead counsel for Plaintiffs indicated at the hearing that the report for their proposed expert is complete; Plaintiffs attached this proposed expert report to their motion.  (See ECF No. 278–1.)  Therefore, in order to expedite this issue, the Court sets the following deadlines for the parties' Rule 26 disclosure obligations:

– Plaintiffs shall fulfill their disclosure obligations under Rule 26 by Wednesday, February 5, 2020;

– Defendants shall have until February 26, 2020 to designate their rebuttal expert(s), if any.

Further, the parties are informed that these additional conditions are attached to this grant:

– Should Defendants choose to depose Plaintiffs' expert, the cost of the expert's time at the deposition will be borne by Plaintiffs;

– Should Plaintiffs wish to depose any of Defendants' rebuttal experts, Plaintiffs shall bear the cost of such expert(s) at the deposition;

– Plaintiffs will not be allowed to reopen fact discovery, as conceded by Counsel in

| | |
|---|---|
| 1 | Plaintiffs' moving brief and at the hearing (See ECF No. 280 at Section II.); |
| 2 | – The Court will look favorably on any request from Defendants to re-open limited fact |
| 3 | discovery if needed to address the compassionate release issue, or alter the schedule in |
| 4 | order to bring a <u>Daubert</u> motion or motion for partial summary judgment (see <u>Stilwell</u> |
| 5 | <u>v. Smith & Nephew, Inc.</u>, 482 F.3d 1187, 1191–92 (9th Cir. 2007) ("[E]xpert |
| 6 | testimony must be based upon sufficient facts or data, the product of reliable |
| 7 | principles and methods, and the expert must appl[y] the principles and methods |
| 8 | reliably to the facts of the case.")); and |
| 9 | – The parties shall submit a joint statement to the undersigned by March 5, 2020, |
| 10 | updating the Court on whether leave to file any motions will be sought (alongside a |
| 11 | proposed timeline that respects the District Court's July 9, 2020 status conference). |

Finally, the Court notes Plaintiffs' interest in potentially consenting to the jurisdiction of the magistrate judge for all purposes. (See ECF No. 281.) The undersigned takes no position on this issue, but informs the parties that should they wish to consent, all parties must submit their consent forms to the Court so that the case can be reassigned and a trial schedule can be set. Further, should the parties wish to waive any conflicts to the undersigned acting as a settlement judge in this matter, they may so submit their declarations to the Court for processing.

SO ORDERED.

Dated: February 3, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, stag.414

7