UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNIE STAGGS, et al., | No. 2:11-cv-00414-MCE-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| DOCTORS HOSPITAL OF MANTECA, INC., et al., | |
| Defendants. | |

Plaintiffs Linnie Staggs, as Administrator of the Estate of Robert Staggs ("Decedent"), and Melissa Staggs (collectively, "Plaintiffs") initiated the present action in this Court on February 14, 2011. Nominal Defendants Zachary Staggs and Sandra Bauman, next friend of Alexa Staggs (collectively, "Nominal Defendants"), were listed for the first time in the Third Amended Complaint ("TAC"), filed on November 20, 2012, and amended on January 24, 2013, and were served on November 21, 2012. See ECF Nos. 70, 71, 84. According to the TAC, Nominal Defendants, who are Decedent's children, were named as Defendants in this action pursuant to California Code of Civil Procedure 382 because they were "unwilling to be joined as plaintiff[s] in this action." ECF No. 84 ¶¶ 9–10. Plaintiffs eventually filed the operative Fourth Amended Complaint on November 30, 2015, again stating that Nominal Defendants do not want to be joined as Plaintiffs. See ECF No. 117 ¶¶ 10–11.

1

On November 10, 2021, all parties minus Nominal Defendants filed a Stipulated Request to Vacate Referral to Further Settlement Conference and Request for Jury Trial Setting, stating, in part, that "all parties have consented to United States Magistrate Judge Kendall J. Newman to conduct all further proceedings in this case, including trial and entry of final judgment" and requesting that "Magistrate Judge Newman set this case for a jury trial." See ECF No. 314. However, "[t]he Ninth Circuit has ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case." Calderon v. United States, No. 1:17-cv-00040-BAM, 2019 WL 1199855, at *1 (E.D. Cal. Mar. 14, 2019) (citing Williams v. King, 875 F.3d 500, 503–04 (9th Cir. 2017)). As a result, this Court issued the following minute order:

> The Court's review of this action reveals no indication that defendants SANDRA BAUMAN and ZACHARY STAGGS have either been served with the [Fourth Amended] Complaint or appeared in this action. Not later than 12/13/2021, Plaintiffs' counsel is ordered to either file a request for dismissal and proposed order as to these defendants, or show cause as to why this action as to these defendants should not be dismissed for failure to prosecute or to comply with the applicable rules. See Fed. R. Civ. P. 41(b).

ECF No. 315. After this Court granted Plaintiffs an extension of time for service of process, see ECF No. 318, Plaintiffs re-served Nominal Defendants on January 15, 2022, and their Answers were due by February 7, 2022. ECF Nos. 319, 320. The appearing parties also stipulated to substitute Alexa Wintemberg, née Staggs, as a Defendant in place of Sandra Bauman as next friend of Alexa Staggs given that Ms. Wintemberg is no longer a minor, and this Court granted said stipulation. ECF Nos. 321, 322.

By March 31, 2022, Nominal Defendants had failed to appear or otherwise respond within 21 days after service of the summons and complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i).[1] On that date, the Court issued the following minute order:

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

> The Court's review of this action reveals that defendants Alexa Wintemberg and Zachary Staggs have still not appeared in this action despite being served with copies of the summons and complaint. Accordingly, not later than ten (10) days from the date of this order, Plaintiffs' counsel is ordered to either file a request for dismissal and proposed order as to these defendants, or show cause in writing as to why this action as to these defendants should not be dismissed for failure to prosecute and to comply with the applicable rules. See Fed. R. Civ. P. 41(b).

ECF No. 323. Plaintiffs responded to this second Order to Show Cause, arguing that their reading of California caselaw precludes dismissing or entering default judgment against Nominal Defendants. See ECF No. 324, at 2–3. Additionally, Plaintiffs' counsel provided a declaration, which includes, in relevant part, the following:

> In January 2022, after the Court issued its order requiring Plaintiffs to serve the nominal defendants Alexa Wintemberg and Zachary Staggs, I reached out to both of them, Ms. Wintemberg by email and by phone, and Mr. Staggs by email and in person, and explained that while our office could not represent them in this action that they were entitled to file paperwork with the Court indicating their desire to participate as plaintiffs. I drafted a waiver of participation and consent to the jurisdiction of the Magistrate Judge, and explained that by signing and filing this waiver and consent the case could be brought to trial more expeditiously. After the Court issued the order to show cause, I again sent the waiver and consent forms with an explanatory letter to both parties via both email and regular mail (with a self-addressed stamped envelope).

White Decl., ECF No. 324, at 3–4 ¶ 2 (stating that counsel had "good faith belief that the nominal defendants would sign and return these forms."). As of the date of this Order, Nominal Defendants have not consented to such jurisdiction or otherwise appeared in this action.

A defendant must generally file an answer "within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "[A]lthough the text of [Rule 55(a)] references entry of default by the Clerk, such an issue is also properly decided by judges." Smith v. Saribay, No. 2:20-cv-00060-GMN-NJK, 2021 WL 1824292,

3

at *2 & n.4 (D. Nev. Apr. 29, 2021) (collecting cases); see also Nat'l Ins. Crime Bureau v. Wagner, No. C-19-0730 JLR, 2021 WL 185033, at *3 (W.D. Wash. Jan. 19, 2021) ("[A] district court can enter default against a non-appearing defendant on its own motion").

This case has been ongoing for 11 years and all appearing parties have consented to jurisdiction before the magistrate judge for trial.  However, in light of Nominal Defendants' non-appearance, this case is at a complete standstill.  Nominal Defendants have been served both in November 2012 and January 2022.  According to his own declaration, Plaintiffs' counsel has attempted multiple times to reach out to Nominal Defendants and asked them to return signed copies of the waiver of participation and consent forms but to no avail.  See White Decl., ECF No. 324, at 3–4. Contrary to Plaintiffs' contention, plaintiffs in other wrongful death actions have moved for entry of default and default judgment against non-appearing nominal defendants like those here, and courts have granted such motions.  See, e.g., Calderon, 2019 WL 1199855, at *3–5, report and recommendation adopted, 2019 WL 1745866 (E.D. Cal. Apr. 18, 2019) (finding that default judgment must be entered against non-appearing nominal defendants in a wrongful death action in the amount of $0.00).  Nominal Defendants' status does not entitle them to continue to hold the parties and this Court hostage in an already prolonged case.

In the interest of moving this case forward and on its own motion, the Court finds that entry of default against Nominal Defendants is necessary.  Accordingly, the Clerk of Court is directed to enter default pursuant to Rule 55(a) against Defendants Zachary Staggs and Alexa Wintemberg for failure to plead or otherwise defend as provided by

///
///
///
///
///
///

4

the Federal Rules of Civil Procedure.  Not later than fourteen (14) days from the issuance of this Order, Plaintiffs are directed to file a motion for default judgment pursuant to Rule 55(b) against these same Nominal Defendants in accordance with Local Rules 302(c)(19) and 230 and Rule 54(b).  See generally Calderon, 2019 WL 1199855.

IT IS SO ORDERED.

Dated:  August 17, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE