UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNIE STAGGS, et al., | No. 2:11-cv-00414-MCE-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| DOCTORS HOSPITAL OF MANTECA, INC., et al., | |
| Defendants. | |

In light of the pending Motions to Withdraw Consent to Magistrate Judge Jurisdiction and Reconsideration, ECF Nos. 327–28, and the hearing on those matters held on October 27, 2022, the Court finds that further briefing is necessary. Not later than thirty (30) days from the issuance of this Order, the parties are ordered to file additional briefing on <u>each</u> of following questions. Each brief shall not exceed twenty (20) pages; the Court will not consider any filing that exceeds this page limit.[1]

1.  Zachary Staggs and Alexa Wintemberg (collectively, "Nominal Defendants") were named in this action pursuant to California Code of Civil Procedure §§ 377.60 and 382 without seeking leave of this Court. Part of the reason for the delay in considering the issues that have now arisen is that joinder of Nominal Defendants was

---

[1] This written order supersedes the briefing requirement the Court set forth on the record at the hearing on October 27, 2022.

1

never formally presented to the Court for consideration.  In any event, this is federal court.  Explain whether the Court should consider Nominal Defendants' joinder under California Code of Civil Procedure § 382 or the Federal Rules of Civil Procedure.  Is there a basis in federal law that permits these Nominal Defendants to be joined?  Under federal law, would they be considered involuntary plaintiffs or defendants?  Does the fact that Plaintiffs did not even attempt to serve Nominal Defendants until this action had been pending for over a decade affect the propriety of their joinder under federal law?  Relatedly, was service on Ms. Wintemberg proper when she was served before she was individually substituted into this action?

2. Assuming Nominal Defendants are properly joined and permitted to remain in this action, how is this Court supposed to try a case with involuntary parties?  More specifically, from a practical perspective, how exactly do the parties anticipate the trial will be conducted?  Provide a roadmap for how a federal court is logistically supposed to conduct a trial when two parties refuse to appear.  For example, how do you plan to stipulate to evidence—or anything else—at trial if the parties cannot get Nominal Defendants' approval to any stipulations?  In addition, how do you plan to introduce evidence as to Nominal Defendants' damages?  How will you do this when Nominal Defendants decline to participate?

3. According to Plaintiffs, Ms. Wintemberg is on active duty in the military.  Does the Servicemembers Civil Relief Act preclude the entry of default judgment against her?  Can this Court move forward with a trial when a non-participating Nominal Defendant is serving in the military?  How will it do that?

4. Given the complexity and confusion trying the wrongful death claim is adding to this case, why should the Court not decline to exercise supplemental jurisdiction over that cause of action and proceed to trial on the remaining claims?  More specifically, a state law claim is now dictating how a federal case is tried.  Why is this not a compelling circumstance that justifies dismissing this cause of action to be tried in state court?

     5.     If Nominal Defendants are dismissed from this action or the wrongful death claim is dismissed, will remaining Plaintiffs still consent to magistrate judge jurisdiction for trial?

     6.     Is there any other basis to dismiss Nominal Defendants for refusing to appear in this action?

IT IS SO ORDERED.

Dated: October 29, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE