UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNIE STAGGS, as Administrator of the Estate of Robert E. Staggs, and MELISSA STAGGS,<br><br>Plaintiffs,<br><br>v.<br><br>DOCTOR'S HOSPITAL OF MANTECA, INC.; JACK ST. CLAIR, M.D.; CURTIS ALLEN, M.D.; EDWIN BANGI, M.D.; JOHN KRPAN; MARIO SATTAH, M.D.; ZACHARY STAGGS; and ALEXA WINTEMBERG, as next of friend of ALEXA STAGGS,<br><br>Defendants. | No. 2:11-CV-00414-DJC-CSK<br><br>AMENDED FINAL PRETRIAL ORDER |

On June 10, 2024, the Court issued the Final Pretrial Order following a final pretrial conference. (*See* ECF No. 366.) On June 24, 2024, Plaintiffs filed objections to the Final Pretrial Order. (*See* ECF No. 367.) In light of Plaintiffs' objections, the Court issues the following Amended Final Pretrial Order, which shall govern the remainder of the proceedings.

First, the Court addresses Plaintiffs' specific objections regarding the expert for Defendant Mario Sattah. Plaintiffs asked that the Court "reconsider its Order allowing substitution of the expert because there is evidence that Defendant Sattah was not

1

diligent in seeking substitution of the expert." (ECF No. 367 at 2.) As an initial matter, though the Court GRANTS Plaintiff's request for judicial notice, the stipulation Plaintiffs cite is from August 1, 2022, which necessarily means that this is *not* new evidence that only recently became available to Plaintiffs. It is thus not a basis for the Court to reconsider its prior decision. *See, e.g.*, *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" (collecting cases)). That is sufficient to deny Plaintiffs' request.

However, and more importantly, the Court finds that there is no reason to "require a sworn declaration, preferably from Dr. Marx, that his unavailability could have been known to counsel for Dr. Sattah only very recently." (ECF No. 367 at 3.) As officers of the court who owe the Court a duty of candor, *see* California Business and Professions Code section 6068(d), the Court credits the statements provided by counsel at the Final Pretrial Conference that she had been recently informed that Dr. Marx had a medical condition that would not permit his testimony. An unexpected medical emergency has always been sufficient to establish "good cause" under Rule 16. *See, e.g.*, *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-cv-02812-ODW (PLAx), 2017 WL 11629880, at *1 (C.D. Cal. Aug. 3, 2017) (granting motion where the original expert "recently suffered a severe medical condition that precludes him from working further on this case"). Therefore, the Court concludes that, even if the Court were to reconsider its prior decision, Defendant Sattah has established good cause and diligence through the representations of his counsel. *See, e.g.*, *id.*; *Landes v. Skil Power Tools*, No. 2:12-cv-01252-MCE-KJN, 2013 WL 6859837, at *3 (E.D. Cal. Dec. 30, 2013) (granting motion where the movant began search for new expert and promptly conferred with opposing counsel upon learning that the retained expert would no longer adhere to the agreement). Thus, the Court DENIES Plaintiff's request for reconsideration. (*See* ECF No. 367 at 2–3.)

Second, Plaintiffs asked that the Court limit the new expert's report and testimony to the "'subject matter and theories already espoused by the former expert.'" (*Id.* at 3 (quoting *Holley v. Gilead Sciences, Inc.*, No. 19-cv-06972, 2023 WL 3607289, at *5 (N.D. Cal. Mar. 27, 2023)).) The Court agrees because "'[w]hen experts are substituted, the substitute expert's report and testimony is usually limited to the subject matter and theories already espoused by the former expert.'" *Jones v. Nat'l Rr. Passenger Corp.*, No. 15-CV-02726-TSH, 2022 WL 689000, at *3 (N.D. Cal. Feb. 23, 2022) (quoting *Chien Van Bui v. City and Cnty. of San Francisco*, 11-cv-04189-LB, 2019 WL 4959056, at *2 (N.D. Cal. Jan. 31, 2008)). Therefore, the Court GRANTS Plaintiffs' request to limit the testimony of the new expert to the same subject matter and theories espoused by Dr. Marx. (*See* ECF No. 367 at 3.) *See also* 6/6/2024 Final Pretrial Conference ECRO Recording at 2:24:08–2:24:15 (The Court stating that it "would be prepared to limit the expert to the subject matter that was in Dr. Marx's report.")

Finally, Plaintiffs asked for two new deadlines. These requests are GRANTED. (*See* ECF No. 367 at 4.) The Court includes the two new deadlines below in the Amended Final Pretrial Order, but, in short:

1. The parties shall exchange any portions of depositions, answers to interrogatories, and responses to requests for admission as contemplated by Local Rule 281(b)(12) by July 17, 2024, with any objections due by July 22, 2024; and

2. The parties shall exchange all exhibits no later than 21 days before trial, that is, by July 8, 2024. The other deadlines related to exhibits remains, meaning that the parties shall file a copy of their respective final exhibit lists no later than July 17, 2024, and any objections to exhibits shall be filed on or before July 22, 2024.

////

////

On Thursday, June 6, 2024, the Court conducted a final pretrial conference. Attorney Carter Capps White appeared on behalf of Plaintiffs and Attorney Carolyn Northrup appeared on behalf of Defendant Doctor's Hospital of Manteca, Inc.; Attorney Diana Esquivel appeared on behalf of Defendants Jack St. Clair, Curtis Allen, Edwin Bangi, and Joh Krpan; and Attorneys Curtis E. Jimerson and Stephanie Roundy appeared on behalf of Defendant Mario Sattah. Based on the results of that pretrial conference and the filed objections, the Court now issues this Amended Final Pretrial Order.

This action proceeds on Plaintiffs' Corrected Fourth Amended Complaint (ECF No. 117) against Defendants for the following claims after Defendants' Motion for Summary Judgment was denied except with respect to the Sixth Claim for Relief (*see* ECF No. 203):

- First Claim for Relief – Denial of rights under the Eighth and Fourteenth Amendments to the U.S. Constitution for deliberate indifference to a serious medical need against:
    - Defendant Jack St. Clair;
    - Defendant Edward Bangi; and
    - Defendant John Krpan.
- Second Claim for Relief – Failing to summon and provide medical care under California Government Code section 845.6 against:
    - Defendant Jack St. Clair;
    - Defendant Curtis Allen;
    - Defendant Edward Bangi; and
    - Defendant John Krpan.
- Third Claim for Relief – Negligence for the ongoing failure to diagnose and treat Mr. Stagg's liver condition against:
    - Defendant John Krpan;
    - Defendant Edward Bangi;

4

- o Defendant Mario Sattah;
- o Defendant Jack St. Clair; and
- o Defendant Doctor's Hospital of Manteca, Incorporated.
- Fourth Claim for Relief – Denial of rights under the Eighth and Fourteenth Amendments to the U.S. Constitution for deliberate indifference in conducting the liver biopsy procedure against:
  - o Defendant John Krpan;
  - o Defendant Curtis Allen;
  - o Defendant Jack St. Clair;
  - o Defendant Mario Sattah;
  - o Defendant Edward Bangi;
  - o Defendant Doctor's Hospital of Manteca, Incorporated
- Seventh Claim for Relief: Wrongful Death under California Code of Civil Procedure § 377.60
  - o (Nominal) Defendant Zachary Staggs;
  - o (Nominal) Defendant Alexa Wintemburg;
  - o Defendant John Krpan;
  - o Defendant Curtis Allen;
  - o Defendant Jack St. Clair;
  - o Defendant Mario Sattah;
  - o Defendant Edward Bangi; and
  - o Defendant Doctor's Hospital of Manteca, Incorporated
- Eighth Claim for Relief: Denial of rights under the Fourteenth Amendment to the U.S. Constitution for loss of companionship
  - o Defendant John Krpan;
  - o Defendant Curtis Allen;
  - o Defendant Jack St. Clair;
  - o Defendant Mario Sattah;

5

- o    Defendant Edward Bangi; and
- o    Defendant Doctor's Hospital of Manteca, Incorporated

This matter is set for trial on July 29, 2024.

## I. Jurisdiction/Venue

Jurisdiction is predicated on federal question jurisdiction under 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue and Jurisdiction are not contested.

## II. Jury

Both parties have timely requested trial by Jury.

## III. Motions in Limine

The parties have not yet filed motions in limine.  The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the Court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  Any motions in limine counsel elect to file shall be filed on or before July 17, 2024.  Each party's motions in limine should be filed in a single document with each motion beginning on a new page within that document.  Opposition shall be filed on or before July 22, 2024.  Each party's oppositions to motions in limine should be filed in a single document with each opposition beginning on a new page within that document.  Where necessary for sealing purposes, a motion in limine or opposition to a motion in limine may be filed separately from the rest of the motions/oppositions.  Parties should be prepared to present argument on these motions at the final status conference.

## IV. Witnesses

Plaintiffs' and Defendants' witnesses shall be those described in the Joint Pretrial Statement unless a party updates their witness list by July 17, 2024. (*See* ECF No. 364 at 24, 31–43 (providing Exs. A–D containing each party's witness list).)  Each party may call any witnesses designated by the other.

The Court does not allow undisclosed witnesses to be called for any purpose,

including impeachment or rebuttal, unless they meet the following criteria:

    1.    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    2.    The witness was discovered after the pretrial conference and the proffering party makes the showing described below.

Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    1.    The witness could not reasonably have been discovered prior to the discovery cutoff;

    2.    The court and opposing parties were promptly notified upon discovery of the witness;

    3.    If time permitted, the party proffered the witness for deposition; and

    4.    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**V.    Exhibits**

Plaintiffs' and Defendants' exhibits shall be those identified in the Joint Pretrial Statement unless a party updates their exhibit list by July 17, 2024. (*See* ECF No. 264 at 24, 44–52 (providing Exs. E–H containing each party's exhibit list).). If there are joint exhibits, also state where those are identified. Counsel and/or parties shall file a copy of their respective final exhibit lists no later than July 17, 2024.

No exhibit shall be marked with or entered into evidence under multiple exhibit numbers. All exhibits must be pre-marked as discussed below.

At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiffs' exhibits shall be listed numerically, and Defendants' exhibits shall be

7

listed alphabetically.  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine. **The final exhibit binders are due to the court on the first day of trial.**

The parties must exchange exhibits no later than 21 days before trial, that is, by July 8, 2024.  Any objections to exhibits shall be filed on or before July 22, 2024.  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit that is not objected to, no further foundation will be required for it to be received into evidence, if offered.

The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;
2. The court and the opposing parties were promptly informed of their existence;
3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

////

**VI.     Deposition Excerpts and Excerpts of Discovery Responses**

The parties have indicated that they intend to offer portions of depositions, answers to interrogatories, and responses to requests for admission as contemplated by Local Rule 281(b)(12).  (*See* ECF No. 367 at 4.)  The parties shall exchange any portions of depositions, answers to interrogatories, and responses to requests for admission by July 17, 2024, with any objections due by July 22, 2024.

**VII.    Further Discovery**

Discovery has been completed and is now closed.

**VIII.   Stipulations**

The parties have agreed to the following stipulations (*see* ECF No. 364 at 25–26):

- The parties stipulate to the authenticity of Decedent's unaltered records from his central and medical files contained by the California Department of Corrections and Rehabilitation ("CDCR") and any CDCR record generated and maintained in the regular course of business, which may be used as exhibits at trial.  The parties reserve the right to object to such exhibits on other grounds.
- The parties stipulate to the authenticity of Decedent's unaltered medical records from any hospital or institution that was subpoenaed in this case.
- The parties stipulate to the ability of the custodians of records to authenticate documents by their declarations to avoid the undue expense of calling the custodians to testify to the authenticity of the documents to be presented at trial.
- The parties stipulate that no evidence will be elicited or introduced at trial on the following issues:
    - Offers to compromise;
    - CDCR's or any entity's indemnification of an adverse judgment;
    - *Plata v. Brown*, No. C01-1351-TEH, a class action and appointment

    of the federal receiver to oversee the provision of medical care of California prisoners;

- Any testimony about medical causation and the standard of care from Plaintiffs and non-expert, percipient witnesses; and
- How Decedent contracted Hepatitis C (but does not limit Defendants' ability to elicit testimony or offer evidence concerning Decedent's drug use for damages purpose subject to the Court's ruling on the motion in limine regarding Decedent's drug use).

### IX. Trial Briefs

Trial Briefs from both parties shall be filed on July 17, 2024.

### X. Joint Statement of the Case

Parties shall file a stipulated joint statement of the case by July 17, 2024.

### XI. Proposed Jury *Voir Dire*

By July 17, 2024, the parties shall file proposed questions to be asked by the Court during jury selection. The parties are advised to limit the number of proposed *voir dire* and to only propose questions they feel are essential.

At this time, each party will be limited to 20 minutes of jury *voir dire*. However, given the multiple defendants, the parties are ordered to meet and confer on this issue, which will be addressed again at the Final Status Conference on July 26, 2024.

### XII. Proposed Jury Instructions and Proposed Verdict Form

The Court directs the parties to meet and confer in an attempt to generate a joint set of jury instructions and verdict form.

On or before July 17, 2024, the parties shall file their Joint Proposed Jury Instructions and a Proposed Verdict Form. All blanks in form instructions should be completed and all brackets removed.

If the parties are unable to agree on an instruction and/or verdict form, the parties shall include any such instruction and/or verdict form under a separate heading in the Joint Proposed Jury Instructions or Verdict Form and identify which

party proposed the jury instructions or verdict form and the source of and authority for the proposed jury instruction or verdict form.  Any objections to a proposed jury instruction or proposed verdict form shall be included in the Joint Proposed Jury Instructions or Verdict Form.  Any objection should identify the party objecting, provide a concise statement of the reasons for the objection, and include any relevant citation to authority.  When applicable, the objecting party shall include an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

### XIII.   Filing Documents

All documents mentioned above, including but not limited to Proposed Jury Instructions, Witness Lists, Exhibit Lists, Joint Statement of the Case, Proposed Verdict Form, and Motions in Limine, shall be filed on the docket in this action **and** also emailed as a Word document to djcorders@caed.uscourts.gov.

### XIV.   Final Status Conference

The Court will conduct a Final Status Conference on July 26, 2024.  At that time, the Court will hear argument on motions in limine and any outstanding matters to be resolved before trial.

### XV.   Trial Date/Estimated Time of Trial

Jury Trial is set for July 29, 2024, at 8:30 a.m. in Courtroom 10 before the Honorable Daniel J. Calabretta.  Trial is anticipated to last seven to ten court days. The parties are directed to Judge Calabretta's standard procedures available on his webpage on the court's website.

The parties are to contact Gabriel Michel, Courtroom Deputy for Judge Calabretta, via email (gmichel@caed.uscourts.gov), one week prior to trial to ascertain the status of the trial date.

### XVI.   Objections to Pretrial Order

No further objections to this pretrial order are contemplated.  The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local

1 Rule 283 of this Court, this order shall control the subsequent course of this action and
2 shall be modified only to prevent manifest injustice.

      IT IS SO ORDERED.

Dated: **July 3, 2024**

*[signature]*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Staggs.11cv414.Final.Pretrial.Order