UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNIE STAGGS, as Administrator of the Estate of Robert E. Staggs, and MELISSA STAGGS,<br><br>Plaintiffs,<br><br>v.<br><br>DOCTORS HOSPITAL OF MANTECA, INC., et al.<br><br>Defendants. | No. 2:11-cv-00414-DJC-CSK<br><br>ORDER |

Plaintiffs Linnie and Melissa Staggs and Defendants Mario Sattah and Jack St. Clair proceeded to jury trial on July 29, 2024. At the conclusion of trial, judgment was entered in Defendants' favor. (ECF No. 444.) Defendants Sattah and St. Clair have both filed bills of costs in connection with their defense in this suit. (Sattah Costs (ECF No. 451); St. Clair Costs (ECF No. 456).) Plaintiffs have filed an opposition to Defendants' requests and ask that the Court deny Defendants' requested costs in full or in part. (Opp'n (ECF No. 453).)

Defendant Sattah seeks a total of $17,869.25 in costs including $3,104.92 in fees for service of summons and subpoenas, $9,331.51 in fees for transcripts, $2,199.30 in fees for exemplifications and copies, and $3,233.52 in "other costs".

(Sattah Costs at 1.) The "other costs" imposed appear to be costs labeled "medical records" and the expert witness deposition fee for Defendant Sattah's expert. (*Id.* at 3-4.) Defendant St. Clair seeks a total of $7,475.40 in costs, exclusively from fees for obtaining deposition transcripts.[1] (St. Clair Costs at 1.)

For the reasons stated below, the Court grants Defendants' requests for costs but reduces some of Defendant Sattah's requested costs.

**I.     Denial of Costs**

Plaintiffs first argue that Defendants' requested costs should be denied in full. (Opp'n at 3-4.) Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees can be recovered by the prevailing party in an action. "[This] rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The Ninth Circuit has found that district courts have the discretion to deny a requests for costs but must specify the reasons for doing so. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014). *Escriba* provides a non-exhaustive list of possible reasons for denying costs including: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* at 1248-49. These principles are commonly applied "to limit or to refuse such overwhelming costs in important, close, but ultimately unsuccessful civil rights cases." *Ass'n of Mex.-Am. Educators*, 231 F.3d at 572.

The Court starts from the presumption that Defendants Sattah and St. Clair should be awarded costs. *Id.* at 591. Plaintiffs correctly note that the Ninth Circuit and

---

[1] Defendant St. Clair originally submitted a bill of costs for $9,626.63, also exclusively for costs in obtaining deposition transcripts. (*See* ECF No. 452.) Defendant St. Clair subsequently submitted an amended request which is presently before the Court. Defendant St. Clair's amended bill of costs requests costs that are a reduction from the original request after Counsel obtained invoices for the transcripts. It is unclear why this information was not included in the original bill of costs or how Defendant calculated the amount originally requested. Unless otherwise stated, all references to Defendant St. Clair's bill of costs in this order are to the amended bill of costs.

other district courts in this circuit have expressed concerns with awarding high costs in civil rights actions where the plaintiff is of limited financial means.  In particular, the Ninth Circuit has been clear that cases concerning the protection of Eighth Amendment rights are of substantial public importance for protecting the rights and safety of prisoners.  *Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016).

With that said, this case did not present civil rights claims that were particularly difficult or close.  *See Ass'n of Mex.-Am. Educators.*, 231 F.3d at 593 (noting the discretion of district courts "to limit or to refuse such overwhelming costs in important, <u>close</u>, but ultimately unsuccessful civil rights." (emphasis added)).  At trial, Plaintiffs' argued that Defendant St. Clair was deliberately indifferent in coordinating the decedent's care and Defendant Sattah was deliberately indifferent in performing the decedent's liver biopsy.  These claims survived summary judgment, but at the conclusion of trial the jury quickly found for Defendants on all claims.  In fact, the jury found that Defendants Sattah and St. Clair had not even been negligent in diagnosing and treating the decedent.[2]  (ECF No. 442 at 1; ECF No. 442-1 at 1.)  The jury did not even reach the issue of whether Defendant Sattah acted with deliberate indifference, instead finding that Defendant Sattah was not a state actor.  (ECF No. 442 at 4; ECF No. 442-1 at 4.)  Moreover, Plaintiffs presented minimal evidence and testimony about the inadequacy of the coordination of care by Defendant St. Clair.  (*Id.*)  At the close of evidence, the Court deferred a ruling on Defendants' motions for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a) and denied Plaintiffs' motion under Rule 50(a), instead electing to let the jury decide the case on the facts before it.  However, if the jury reached a different result, Defendants would have had,

////

---

[2] Plaintiffs' negligence claims, particularly as to Defendant Sattah, did present a closer case in comparison to the Eighth Amendment deliberate indifference claims.  However, unlike Plaintiffs' Eighth Amendment claims, Plaintiffs' negligence claims are not of substantial public importance as they do not invoke the decedent's civil rights.  As such, denying Defendants costs is also not warranted based on the closeness of Plaintiffs' negligence claims.  *See Ass'n of Mex.-Am. Educators*, 231 F.3d at 572.

at a minimum, a valid basis for to bring a renewed motion under Federal Rule of Civil Procedure 50(b).[3]

Granting a request for costs may have some chilling effect on future actions. *See Draper*, 836 F.3d at 1088–89. This effect is lesser here than in the more extreme cases where costs are sought from indigent prisoners or individuals represented by court-appointed counsel. Plaintiffs have been represented by counsel since this case's inception.

Looking at the final two factors identified in *Escriba*, Plaintiffs have not established their financial status and thus the Court cannot find that either applies. Plaintiffs' Opposition states that Plaintiff Melissa Staggs is of limited means but provide no support for this besides a bare claim made within the Opposition and statements made at trial. (Opp'n at 4.) District courts, including those in the cases cited by Plaintiffs, regularly require that assertions of this sort be supported by some amount of evidence. *See, e.g.*, *Blight v. City of Manteca*, No. 2:15-cv-02513-WBS-AC, 2017 WL 5665846, at *3–4 (E.D. Cal. Nov. 27, 2017) ("[The] plaintiff's argument that she has limited financial means is both compelling and supported by evidence." (emphasis added)); *see also Tubbs v. Sacramento Cnty. Jail*, 258 F.R.D. 657, 661 (E.D. Cal. Aug. 21, 2009) ("[The] plaintiff's argument that he is indigent is compelling and has been supported by evidence." (emphasis added)). Plaintiffs' Opposition also makes no mention of the financial status of the other Plaintiff in this action, the Estate of Robert E. Staggs (who is proceeding through Linnie Staggs as Administrator of that Estate). Additionally, Plaintiffs make no effort to establish economic disparity between the parties.

Considering the above presents a close case. But because Plaintiffs have presented no evidence establishing the financial status of Plaintiffs or the economic

---

[3] This is not to suggest that it is certain that such a motion would have been granted in part or in full, especially given that Plaintiffs also brought separate negligence claims against the Defendants. The Court mentions this only to note that simply because the Court let the Eighth Amendment claims go to the jury does not mean that judgment as a matter of law would have been unwarranted.

disparity between the parties, the fact that Plaintiffs' civil rights claims were not close, and the presumption in favor of granting costs, the Court exercises its discretion and overrules Plaintiff's Opposition to the taxing of costs. However, the Court will closely consider the individual reductions requested by Plaintiffs to ensure that the costs imposed are reasonable and fair.

## II. Reduction of Costs

Plaintiffs argue for a number of reductions.[4] Local Rule 292(f) and 28 U.S.C. § 1920 provide items that can be included as taxable costs. The Court considers each of these objections in turn.

*First*, Plaintiffs request that the Court deny costs for obtaining daily trial transcripts. Defendant Sattah included $773.15 in costs for daily trial transcripts within the amount he requested for transcript fees. Section 1920(2) permits a prevailing party to tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" District courts have recognized that the cost of daily trial transcripts are not recoverable unless there is a special need for daily transcripts or prior court approval is obtained. *See Stimmell v. Morales*, No. 12-cv-00155-LJO-BAM, 2013 WL 6174684, at *1 (E.D. Cal. Nov. 21, 2013); *see also Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1049 (C.D. Cal. May 23, 2014) (noting that "daily trial transcript costs should not be awarded absent court approval prior to the trial" but awarding them as the Court had required parties to cite specific pieces of testimony to make evidentiary objections and argue proposed jury instructions). Here, there is no evidence that daily trial transcripts were anything more than a convenience to the attorneys and prior court approval was not obtained for daily transcripts. Accordingly, the Court will deny Defendant Sattah's requested $773.15 for daily trial transcripts.

---

[4] Plaintiffs originally raised reasonable objections to the lack of any itemization or documentation in Defendant St. Clair's original bill of costs. (Opp'n at 4.) As Defendant St. Clair has since filed an amended bill of costs that includes itemization of and invoices for the requested costs, this objection is now moot and not addressed by this order.

*Second*, Plaintiffs object to the inclusion of an $1,800.00 deposition fee for expert witness Steven C. Rose, M.D. within Defendant Sattah's taxed costs. Expert deposition fees are not within the costs that this court can award. *See Evanow v. M/V Neptune*, 163 F.3d 1108, 1117 (9th Cir. 1998). However, pursuant to 28 U.S.C. § 1821, a witness may be paid $40.00 as an attendance fee for a deposition. Accordingly, the Court will reduce the deposition fee for Dr. Rose's deposition to $40.00.

*Third*, Plaintiffs object to the inclusion of two charges for "heavy litigation copying for new defense counsel" included in Defendant Sattah's costs. 42 U.S.C. § 1920(4) permits taxing costs for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" While this statute does permit the taxing of costs for copying, it limits it to copies that are "necessarily obtained for use in the case." Defendant Sattah has not established that copies of documents for new counsel qualifies as necessary and not a simple convenience. Accordingly, these two requests for copying costs, totaling $1127.39, will be denied.

*Fourth*, Plaintiffs objects that some of the deposition invoices "do not contain the proper itemization and those that do contain improper additional expenses including per diem fees, 'swear in witness,' 'exhibit management,' color exhibits, condensed transcripts, 'processing & compliance,' appearance fees." (Opp'n at 5.) Plaintiffs' objection to the insufficient itemization is overruled. A review of the records provided by Defendant Sattah does not show that any of the requested transcript fee invoices are insufficiently itemized. (Sattah Costs at 7– 16.) As to whether the requested fees in these invoices can be properly included within Defendant Sattah's costs, 42 U.S.C. § 1920(2) permits taxing costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . ." Most of the fees fall within what is permitted by Section 1920(2) as they are fees connected with obtaining transcripts. However, as referenced by Plaintiffs in their Opposition, two invoices, one from November 18, 2016 (Sattah Costs at 7) and one from March 3, 2017 (*id.* at 10),

include fees for "swear[ing] in witnesses" and per diem.  While these are listed as an itemized costs associated with obtaining the transcript of deposition proceedings, these fees do not have any relation to the production of the transcript and are in fact costs associated with the deposition itself.  Such fees are not within the scope costs permitted by Section 1920(2).  Accordingly, the Court strikes $456.00 from the requested costs associated with obtaining transcripts.

The Court also strikes $411.70 in costs for expedited production of a transcript. (*Id*. at 13.) "Charges for expedited service may be recoverable if good cause is shown for the cost*.*" *Hewlett Packer, Inc. v. ACE Property & Cas. Ins.*, No. 99-cv-20207-JW, 2008 WL 11394268, at *6 (N.D. Cal. May 14, 2008).  Defendant Sattah has not established good cause for expediting the production of that transcript.

In total, the Court partially grants Plaintiffs' objections to the costs requested by Defendant Sattah and reduces those requested costs by $4,528.24 to a total of $13,341.01.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiffs' Objections to the Bills of Costs submitted by Defendants Sattah and St. Clair are GRANTED IN PART and OVERRULLED IN PART as described above.  Plaintiffs shall pay $13,341.01 in costs to Defendant Mario Sattah and $7,475.40 in costs to Defendant Jack St. Clair.

IT IS SO ORDERED.

Dated:  **November 13, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

staggs11cv00414.costs